UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN ANGUS WRIGHT,

       Plaintiff,

v.                                 Case No. 3:25-cv-628-MMH-PDB

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

       Defendants.

_____

## **ORDER**

Plaintiff, John Angus Wright, an inmate in the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1) in the United States District Court for the Southern District of Florida. On June 6, 2025, the Honorable Melissa Damian, United States District Judge, ordered that the case be transferred to this Court. Doc. 5. Wright has not paid the filing fee for initiating this action or submitted an application to proceed in forma pauperis.

On September 11, 2025, after Wright had requested leave to file an amended complaint, (Doc. 3), the Court entered an order granting his request and directing Wright to pay the filing fee or apply to proceed as a pauper by October 13, 2025. Doc. 8. Additionally, on September 12, 2025, the Court

entered an order titled Notice to Pro Se Litigant again informing Wright of his obligation to pay the filing fee or apply to proceed as a pauper (Doc. 9; Pro Se Order at 1). In the Pro Se Order, the Court advised Wright that his case may be dismissed if he failed to comply. Id. After Wright failed to file his amended complaint and pay the filing fee or submit an application to proceed in forma pauperis by the deadline ordered by the Court, on October 24, 2025, the Court issued an Order to Show Cause directing Wright, by November 24, 2025, to (1) show cause why the case should not be dismissed for his failure to comply with the Court's Order (Doc. 8) or otherwise prosecute the case; (2) file an amended complaint in compliance with the Court's Order; and (3) pay the filing fee or submit an application to proceed in forma pauperis. See Order to Show Cause (Doc. 10) (citing Rule 3.10, Local Rules, United States District Court for the Middle District of Florida)). In the Order to Show Cause, the Court cautioned Wright that his failure to comply with the Court's order may result in the dismissal of this case. Id. at 2. On November 21, 2025, Wright filed a motion for an extension of time to comply with the Court's Order to Show Cause, acknowledging his need to file an amended complaint and an application to proceed in forma pauperis. Doc. 11. Wright then filed his Amended Complaint on December 12, 2025. See Amended Complaint (Doc. 12). The Court granted Wright's request for extension, accepted his Amended Complaint as timely filed, and again directed him to comply with the Order to Show Cause by filing

2

a response and paying the filing fee or filing an application to proceed in forma pauperis by January 16, 2026 (Doc. 13; Extension Order). Notably, in submitting his Amended Complaint, Wright provides no statement of facts or claims, but rather states there should be attachments, see Amended Complaint at 4–5, and later notes, "Envelopes very scarce at this institution . . . Will mail the . . . remainder of the exhibits and specs to you," see Doc. 12-1 at 2. However, to date, Wright has not filed a response to the Order to Show Cause, filed the substance of his Amended Complaint, paid the filing fee, or filed an application to proceed as a pauper nor has he requested additional time to do so.

A district court has an inherent authority to manage its docket. See Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). As such, if a plaintiff fails to prosecute an action or comply with a court order, the court may sua sponte dismiss the case. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); see Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). However, where a dismissal of the case "has the effect of precluding [plaintiff] from refiling his claim due to the running of the statute of limitations . . . [t]he

3

dismissal [is] thus tantamount to a dismissal with prejudice." Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (quoting Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981)); Stephenson v. Warden, Doe, 554 F. App'x 835 (11th Cir. 2014).[1]

The limitations period for claims brought under 42 U.S.C. § 1983 is the forum state's personal injury statute of limitations, which is four years in Florida. See City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Here, Wright's claims appear to stem from actions taken in early 2022, see Complaint at 4–5, and therefore, the applicable four-year statute of limitations may have run, absent application of a continuing violation theory or other theory warranting tolling. If Wright's statute of limitations has run, a dismissal of this action would, in effect, be a dismissal with prejudice.

The Eleventh Circuit has instructed that a dismissal with prejudice is "a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." Burden, 644 F.2d at 505 (quoting Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir.1970)); Zocaras v.

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

<u>Castro</u>, 465 F.3d 479, 485 (11th Cir. 2006) (citation omitted) ("Dismissal with prejudice is . . . an extreme sanction . . . but it is justified in extreme circumstances. This is another way of saying that the sanction imposed should fit the interests jeopardized and the harm caused by the violation."); <u>Levy v. NCL (Bahamas), Ltd.</u>, 686 F. App'x 667, 670 (11th Cir. 2017) (citing <u>Justice</u>, 6 F.3d at 1482 n.15). Thus, a dismissal with prejudice is improper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." <u>Betty K Agencies, Ltd.</u>, 432 F.3d at 1339 (citations omitted). Moreover, a district court's "findings satisfying both prongs of [the] standard are essential before dismissal with prejudice is appropriate," and the court must make these findings because "the sanction of dismissal with prejudice is so unsparing[.]" <u>Id.</u> (emphasis deleted; citations omitted). The Eleventh Circuit has also instructed:

> A district court's consideration of lesser sanctions "need not be explicit." <u>Gratton v. Great Am. Communications</u>[ ], 178 F.3d 1373, 1374 (11th Cir. 1999). Nevertheless, while this court has "occasionally inferred such a finding, as where lesser sanctions would have 'greatly prejudiced' defendants, it has 'never suggested that the district court need not make that finding....' " <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993)[ ] ("Mere delay will not suffice; '[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.' "). Kilgo, 983 F.2d at 192–3 (citations omitted).

Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 118 (11th Cir. 2007) (per curiam); Stephenson, 554 F. App'x at 837 (recognizing previous case law holding "that cutting off a plaintiff's potentially meritorious action is an unduly harsh sanction for failing to prosecute his claim or comply with a court order, absent willful or contumacious conduct") (citation omitted).

Here, in initiating this action, Wright was required to pay the filing fee or submit an application to proceed in forma pauperis. The Court informed him of his obligation multiple times. As of the date of this Order, he has neither complied with the Court's Orders (Docs. 8, 9, 10, 13), nor requested more time to do so. As acknowledged by Wright, the facts underlying this matter were initially raised against the same defendants in a case filed in December 2023 and dismissed without prejudice in March 2025. See Amended Complaint at 9. He filed his Complaint in this case just two months after the dismissal of his prior action. Simultaneous to the filing, he requested leave to amend stating that, in the previous case, he failed to file an amended complaint as ordered by the court. See Doc. 3 at 1. It has now been seven months since the Court ordered him to pay the filing fee or apply to proceed in forma pauperis and granted leave to amend on claims that had already been raised in another case previously. And it has been six months since the Court issued its Order to Show Cause, four months since the Court issued the Extension Order, and three

months since that extension expired. The Court has not received any filings from Wright since issuing the Extension Order.

On this record, the Court finds a clear pattern of delay as evidenced by Wright's failure to comply with the Court's Orders. Moreover, the Court finds no lesser sanction is adequate. This is so because Wright was repeatedly cautioned that his failure to comply with the Court's Orders could result in dismissal of this action. Despite this, despite having his previous case dismissed for failure to file an amended complaint as directed, see Order of Dismissal Without Prejudice (Doc. 42), Case No. 3:23-cv-1434-WWB-LLL (M.D. Fla. Mar. 27, 2025), and despite being given additional and ample time to do so, Wright has not complied with the Court's Orders. Given that a prior dismissal and warnings of dismissal of this action failed to prompt compliance, the Court can identify no lesser sanction that would be adequate. Moreover, Defendants have an interest in a speedy and just conclusion regarding the claims against them. While Defendants have not yet been served in this case (because Wright has failed to provide the basics of initiating the action— payment and a sufficient complaint), this is a continuation of another case which extended for over a year prior to dismissal. Any further prolonging of this issue with no progress from Wright has reached a point of unreasonableness. Accordingly, this action is due to be dismissed without prejudice for failure to prosecute and comply with the Court's Orders.

7

Accordingly, it is now **ORDERED and ADJUDGED:**

1.    This case is **DISMISSED without prejudice** for Wright's lack of prosecution.

2.    The Court directs the Clerk to update Wright's address to South Florida Reception Center, 14000 NW 41st Street, Doral, Florida 33178.

3.    The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12

c:    John Angus Wright, #038270

8